Wang v. NHBd Reg. in Medicine          CV-91-685-B     07/12/94

UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW HAMPSHIRE

John W. Wang, M.D.

        v.                                          No. 91-685-B

New Hampshire Board of
Registration in Medicine, et al.


                            O R D E R

        Dr. John Wang challenges a decision by the New Hampshire
Board of Registration in Medicine to revoke his medical license.[1]
Presently before me are the parties' cross motions for summary
judgment.  Wang argues that he is entitled to summary judgment
because the revocation hearing was so replete with serious
procedural errors that, as a matter of law, the Board violated
his Fourteenth Amendment right to procedural due process.  The
Board counters that it is entitled to summary judgment on two
grounds: (1) this Court lacks subject matter jurisdiction over
what is essentially an appeal from the New Hampshire Supreme
Court's decision upholding revocation of Wang's license; see
District of Columbia Court of Appeals v. Feldman, 460 U.S. 462
(1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); and
(2) the alleged procedural errors had no bearing on the Board's

_____

        [1]Wang's remaining claims are against the Board's members in
their official capacities.  For convenience, I refer to these
defendants collectively as the "Board."

decision because, by statute, it was entitled to summarily revoke Wang's license for disciplinary actions taken against him in another jurisdiction. I find the United States Supreme Court's decisions in <u>Rooker</u> and <u>Feldman</u> dispositive, and accordingly do not address the parties' other arguments.

## I.  FACTS

### 1.  State Proceedings

In July 1991, the Board began hearings to determine whether to revoke Wang's license to practice medicine in New Hampshire. The hearings concluded in October, and in early March 1992, the Board issued an order revoking Wang's license. Wang then appealed the Board's order to the New Hampshire Supreme Court, alleging that the Board members were biased against him; that the hearings were replete with serious procedural errors; and that, as a result, the Board's revocation decision violated his Fourteenth Amendment rights to procedural due process and equal protection, as well as his rights under various provisions of the New Hampshire Constitution. On August 26, 1992, the supreme court summarily affirmed the Board's order, stating that "the agency has issued a decision which the Court does not find unjust or unreasonable and no substantial question of law is presented

on appeal." The Court later denied Wang's motion for
reconsideration.

## 2. Federal Proceedings

Shortly after the Board concluded its hearings, Wang brought
the present action in federal court, alleging that the hearings
were rife with serious procedural errors and that, as a result,
the Board had deprived him of his constitutional rights. Wang
sought a temporary injunction prohibiting the Board from taking
any disciplinary action against him; a declaration that the
Board's actions were fundamentally unfair and violated his due
process rights; a permanent injunction prohibiting the Board from
taking any future action against him based on the conduct at
issue in the present disciplinary proceedings; and an award of
money damages and reasonable attorneys fees against the
individual board members. Wang thus alleged claims virtually
identical to those he later raised in his Notice of Appeal to the
New Hampshire Supreme Court.

After Wang filed his federal complaint, the Board issued its
decision. This Court then stayed the present proceedings pending
resolution of Wang's appeal. When the New Hampshire Supreme
Court affirmed the Board's decision, the stay was lifted and

3

defendants filed a motion to dismiss Wang's claims.  I granted the motion with respect to all claims other than Wang's claim for prospective injunctive relief against the Board members in their official capacities.  This latter claim is the subject of the parties' present motions.

## II.  DISCUSSION[2]

Relying on the Rooker-Feldman doctrine, the Board argues that this Court lacks subject matter jurisdiction over Wang's claim.  I agree.

---

[2] I judge the parties' motions against the following standard.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A "genuine" issue is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); accord Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990).  A "material issue" is one that "affects the outcome of the suit . . . ."  Anderson, 477 U.S. at 248.  The burden is upon the moving party to aver the lack of a genuine, material factual issue, Finn v. Consolidated Rail Corp., 782 F.2d 13, 15 (1st Cir. 1986), and the court must view the record in the light most favorable to the non-movant, according the non-movant all beneficial inferences discernable from the evidence.  Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988).  If a motion for summary judgment is properly supported, the burden shifts to the non-movant to show that a genuine issue exists.  Donovan v. Agnew, 712 F.2d 1509, 1516 (1st Cir. 1983).

The Rooker-Feldman doctrine provides that the federal district courts lack subject matter jurisdiction to review state court judgments. Rooker, 263 U.S. 415-16; Feldman, 460 U.S. at 482. Unsuccessful state court litigants are thus precluded from appealing to federal district court rather than petitioning the Supreme Court for a writ of certiorari. This holds true regardless of whether the appeal is de jure or de facto. If the claims raised in federal district court are "inextricably intertwined" with the state court's decision, i.e., "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it," the district court must dismiss the case for lack of subject matter jurisdiction regardless of the form of action brought. Feldman, 460 U.S. at 483 n.16; Pennzoil v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring).

Here, Wang requests that I declare the Board's decision invalid and enjoin its enforcement. To grant his request, however, I must necessarily conclude that the New Hampshire Supreme Court wrongly affirmed the Board's decision. Wang's federal suit is thus "inextricably intertwined" with the state

5

court's disposition of Wang's appeal.[3] That he requests

prospective relief is immaterial. The First Circuit has held

that "insofar as the injunctive relief sought ... would be

tantamount to reversal of the [state court order], 'federal

courts do no review state civil proceedings under the guise of

the Civil Rights Act.'" Malachowski v. City of Keene, 787 F.2d

704, 708 (1st Cir.), cert. denied, 479 U.S. 828 (1986). I

therefore dismiss Wang's claim for lack of subject matter

jurisdiction.[4]

_____

[3]Although Wang filed suit in district court before the Board
rendered its decision, and thus necessarily before the New
Hampshire Supreme Court's disposition of the case, this does not
affect my decision. "A [plaintiff's] deliberate bypass of those
procedures that envisioned (ultimately) a reviewable final state-
court judgment, itself under Feldman not subject to federal
district court review, should not ... entitle the [plaintiff] to
a review of his constitutional claims by a federal district court
that would have been unavailable to him if he had pursued his
claim to final state court judgment." Thomas v. Kadish, 748 F.2d
276, 282 (5th Cir. 1984), cert. denied, 473 U.S. 907 (1985).

[4]Wang makes two arguments beyond those I have implicitly
rejected above. First, he contends that this Court has
jurisdiction pursuant to 42 U.S.C. § 1983, which explicitly
authorizes federal courts to enjoin state court proceedings in
limited circumstances. This argument is meritless. Section 1983
creates a cause of action for violation of certain federal
rights, but only for those violations over which a federal
district court otherwise has subject matter jurisdiction.
    Second, Wang essentially argues that several exceptions to
the doctrines of res judicata and collateral estoppel apply with
equal force to the Rooker-Feldman doctrine. For example, he
argues that the Rooker-Feldman doctrine does not preclude his

### III.   CONCLUSION

For the foregoing reasons, Wang's motion for summary judgment (document no. 48) is denied.  The Board's motion for summary judgment (document no. 51) is granted.

The Clerk is instructed to issue judgment for the defendants in accordance with this order and my order of September 23, 1993.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

July 12, 1994

cc:  Daniel Mullen, Esq.
     Vincent Martina, Esq.

_____

claim for prospective relief because there is no absolute identity between the claims raised in his federal complaint and those raised in his state appeal, or between the opposing parties in each litigation.  These arguments are also unpersuasive.  Res judicata and collateral estoppel are defenses, not limitations on the federal district courts' jurisdiction.  Buckley v. Illinois Judicial Inquiry Bd., 997 F.2d 224, 227 (7th Cir. 1993).

7